**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CITY OF CREVE COEUR, MISSOURI, on behalf of itself and all others similarly situated, )  )  ) | |
| Plaintiffs, ) | Case No. |
| ) | |
| v. ) | [Removed from the Circuit Court of St. Louis County, Missouri, Case No. 18SL-CC2819] |
| NETFLIX, INC., and HULU, LLC, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

**DEFENDANTS' JOINT NOTICE OF REMOVAL**

Defendants Netflix, Inc. ("Netflix") and Hulu LLC ("Hulu") (collectively "Defendants") hereby remove the above-captioned action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

## I.     JURISDICTION

1.     As set forth below, this Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") because: (1) Plaintiff purports to assert this action on behalf of more than one hundred putative class members; (2) Plaintiff and Defendants are citizens of different states; and (3) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Furthermore, 28 U.S.C. § 1341 has no application here. *See, e.g., Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 435 (1999) (holding that the Tax Injunction Act does not bar collection suits, "nor does it prevent taxpayers from urging defenses in such suits that the tax for which collection is sought is invalid"). Removal is thus proper under 28 U.S.C. §§ 1441, 1446, and 1453.

1

## II.    BACKGROUND AND SUMMARY OF THE PETITION

2.    On or about July 19, 2018, Plaintiff commenced this action (the "Action") by filing a putative class action petition captioned *City of Creve Coeur, Missouri*, on behalf of itself and all others similarly situated, *v. Netflix, Inc. and Hulu, LLC*, Case No. 18SL-CC02819, in the Circuit Court of St. Louis County, Missouri.  (Ex. A.)  On August 9, 2018, Plaintiff filed a First Amended Petition.  (*Id.*)

3.    In its First Amended Petition, Plaintiff alleges that pursuant to Missouri's 2007 Video Services Providers Act (the "Act"), its own ordinances, and the ordinances of putative class members, Defendants Netflix and Hulu provide video services, are video-service providers, and as such, are required to pay the video-service-provider fees authorized under the Act.  (1st Am. Pet. ¶¶ 1-4.)  Plaintiff asserts that Defendants have failed to provide notice of intent to provide video service and have failed to pay video-service-provider fees.  (1st Am. Pet. ¶ 37.)  Based on these allegations, Plaintiff asserts the following causes of action:

(1) Declaratory Judgment, Injunctive Relief, and an Accounting;

(2) Unjust Enrichment;

(3) Unpaid Fees, Interest, and Penalties.

(1st Am. Pet. ¶¶ 38-51.)

4.    Plaintiff purports to assert these claims pursuant to Missouri Supreme Court Rule 52.08 on its own behalf and on behalf of a putative class, which Plaintiff defines as:

> [I]tself and all other Missouri subdivisions that collect video-service-provider fees, and in which Defendants have provided or continue to provide video service.

(1st Am. Pet. ¶ 12.)  Plaintiff alleges that there are at least 40 members in the putative class, (*id.* ¶ 13), but as set forth *infra*, the number of putative class members exceed 100.

5.      Plaintiff seeks the above-mentioned monetary damages, penalties, injunctive relief, and declaratory relief on behalf of itself and other putative class members.  (1st Am. Pet. pp. 11-14.)  Plaintiff does not plead a specific amount in controversy but seeks a declaration that Defendants owe video-service-provider fees under the Act for the preceding 5 years and for the duration of this litigation.  (1st Am. Pet. p. 11 ¶ (b).)  Plaintiff also requests an injunction preventing Defendants from offering their services unless Defendants pay such video-service-provider fees.  (1st Am. Pet. p. 11 ¶ (d).)

6.      On August 7, 2018, Plaintiff served a copy of the Summons and Petition on Hulu.

7.      On August 8, 2018, Plaintiff served a copy of the Summons and Petition on Netflix.

8.      On August 9, 2018, Plaintiff served both Defendants by first-class mail a copy of the First Amended Petition, which altered the class definition but otherwise made very minor changes.  Neither Netflix nor Hulu has responded to the Petition or to the First Amended Petition in this Action.

## III.    NO ADMISSION

9.      For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, Defendants assume as true Plaintiff's allegations in the First Amended Petition, but Defendants deny any liability in this case, both as to Plaintiff's individual claims and as to the putative class members' claims.  Further, Defendants believe that Plaintiff's proposed class definition is improper and that class treatment is inappropriate in this case. As such, Defendants will vigorously oppose certification of the putative class Plaintiff purports to represent. In alleging the amount in controversy and other matters in this removal pleading, including that Plaintiff might legally recover a judgment exceeding the jurisdictional amount in controversy, Defendants do not confess any liability, they do not admit the appropriate amount of

3

damages if found liable for any part of Plaintiff's claims, and they do not concede in any way that the allegations in the First Amended Petition are accurate or that Plaintiff or any other putative class member is entitled to any relief whatsoever.  Defendants are only stating what the stakes of litigation could be under Plaintiff's allegations.  *See Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) ("The removing party need not confess liability in order to show that the controversy exceeds the threshold." (quotations omitted)).

## IV.     THIS COURT IS THE PROPER VENUE

10.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed action was filed in the Circuit Court of the County of St. Louis, a court encompassed by the Eastern District of Missouri, Eastern Division.

## V.      THIS COURT HAS JURISDICTION UNDER CAFA

11.     CAFA vests federal district courts with original jurisdiction over "a class action" that meets certain jurisdictional requirements.  CAFA defines the term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  As a threshold matter, this action qualifies as a "class action" because Plaintiff brings this lawsuit pursuant to Missouri Supreme Court Rule 52.08 (*see* 1st Am. Pet. ¶ 12), which sets forth Missouri's class action procedure and is analogous to Federal Rule of Civil Procedure Rule 23.  *See Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 161 (Mo. Ct. App. 2006) (noting that Rule 23 and Missouri Rule 52.08 are "essentially identical").

12.     Removal of a class action under CAFA is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from the state of any defendant; and (3) the

aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  Congress intended federal courts to resolve any uncertainties about these jurisdictional requirements "in favor of exercising jurisdiction over the matter."  S. Rep. No. 109-14 at 42 (2005).  Because all three requirements are satisfied in this case, removal under CAFA is appropriate.

> **A.    Plaintiff Asserts This Action on Behalf of More Than 100 Putative Class Members.**

13.    Plaintiff purports to represent a class of Missouri political subdivisions that collect video-service-provider fees pursuant to the Act, and which have residents that subscribe to Defendants' services.  (1st Am. Pet. ¶ 12.)

14.    Although Plaintiff only alleges that the proposed class includes "at least" 40 Missouri municipalities, (1st Am. Pet. ¶ 13), Missouri has more than 700 political subdivisions, more than 400 of which impose video-service-provider fees.  *See* Search for Video Service Providers and Franchise Fees, *https://www.efis.psc.mo.gov/mpsc/VideoFranchise Authorization.html* (last visited Sept. 4, 2018).  The Missouri Public Service Commission (the only entity in Missouri that may grant a video-service-provider authorization) maintains a website that allows the public to search for and generate lists of such municipalities, and of the video-service-providers authorized to provide video service in those municipalities.  By way of example, the Missouri Public Service Commission has authorized AT&T Missouri to provide video services in more than 145 Missouri municipalities.  *See* Search for Video Service Providers and Franchise Fees, *https://www.efis.psc.mo.gov/mpsc/VideoFranchise Authorization.html* (last visited August 31, 2018).

15.    Defendants' services are available over the public Internet to anyone in Missouri, and each of the Defendants currently has subscribers in more than 100 of the aforementioned

municipalities.

16.     Accordingly, there are more than 100 putative class members.

**B.     Plaintiff and Defendants Are Citizens of Different States.**

17.     CAFA requires only that "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18.     Plaintiff is a citizen of the State of Missouri. Plaintiff alleges it is an existing Missouri municipal corporation, a home rule charter city, and is located in St. Louis County, Missouri. (1st Am. Pet. ¶ 5.)

19.     At the time of the filing of the Petition and at all times since, Netflix was and is a corporation formed under the laws of the State of Delaware with its principal place of business located in Los Gatos, California. Netflix is therefore a citizen of Delaware and California – not Missouri. 28 U.S.C. § 1332(c)(1) (providing that for purposes of section 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

20.     At the time of the filing of the Petition and at all times since, Hulu was and is a limited liability company formed under the laws of the state of Delaware with its principal place of business in Santa Monica, California. None of its members are citizens of Missouri, formed under the laws of Missouri, or have their principal place of business in Missouri. Hulu LLC is therefore not a citizen of Missouri. 28 U.S.C. § 1332(c)(1).

21.     Because the named Plaintiff's citizenship is different from that of both Defendants, CAFA's minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2).

22.     Neither the "local controversy" nor the "home-state controversy" exception applies here. *See* 28 U.S.C. §§ 1332(d)(4)(A)(ii), 1332(d)(4)(B).

C.      **The Amount in Controversy Exceeds Five Million Dollars.**

23.      Under 28 U.S.C. § 1332(d)(2), an action is removable under CAFA when "the amount in controversy exceeds the sum or value of $5,000,000 . . . ." To determine whether the matter in controversy exceeds the sum or value of $5,000,000, "the claims of the individual class members shall be aggregated. . . ." *Id*. § 1332(d)(6).

24.      Where, as here, the Petition does not specify a particular amount in controversy, the Eighth Circuit applies "a preponderance of the evidence standard" to determine whether removal under CAFA is proper. *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . .." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). This is "a pleading requirement, not a demand for proof." *Hartis*, 694 F.3d at 944 (quotation omitted). When a defendant removes a civil action to federal court and its notice of removal includes a good faith, plausible allegation that the amount in controversy exceeds the jurisdictional threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

25.      Plaintiff alleges that it and the putative class members are entitled to declaratory relief, video-service-provider fees at a rate of 5% of gross revenues for the preceding 5 years, penalties, and injunctive relief.[1]  (1st Am. Pet. at ¶¶ 6, 7, 8, 15, 37, p. 11 ¶¶ A-E, pp. 12-13 ¶¶ A-E.)  The value of each of these remedies must be included in calculating the amount in controversy. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 887-88 (8th Cir. 2013).

---

[1] Although Plaintiff's ordinance applies a 5% video-service-provider fee to gross revenues, (1st Am. Pet. ¶ 6), the vast majority of other putative class members apply rates between 3% and 5%.

26. Assuming the truth of the allegations in the First Amended Petition, there is more than $5,000,000 in controversy, as required for removal by 28 U.S.C. § 1332(d)(2).

27. First, Plaintiff seeks back video-service-provider fees for the preceding 5 years. Based on a review of Defendants' corporate records, Netflix has earned well over $170,000,000 in gross revenues from subscribers within the jurisdictions of the putative class members within the past 5 years. Hulu has earned over $90,000,000 in gross revenues from subscribers within Missouri within the past 5 years.

28. In addition to the back video-service-provider fees, Plaintiff also seeks to collect penalties, (1st Am. Pet. ¶¶ 47-48), which must be considered in determining the amount in controversy. *See Peng Vang v. Mid-Century Ins. Co.*, 2013 WL 626985, at \*2 (W.D. Mo. Feb. 20, 2013) (explaining that to determine the amount in controversy, the court also looks at statutory penalties); *Peacock & Peacock, Inc. v. Stuyvesant Ins. Co.*, 332 F.2d 499, 504 (8th Cir. 1964) (including statutory penalties in the amount in controversy analysis). Here many putative class members impose penalties for the failure to comply with their ordinances. For example, Defendants have subscribers throughout Missouri, including within the cities of Florissant and Wildwood, Missouri – both putative class members. Florissant and Wildwood impose penalties for violation of their ordinances of up to $1,000 per day. *See* Florissant, Mo., Code § 610.040 (providing general penalty of up to $1,000 a day and noting that every day of continuing violation shall constitute a separate offense); Wildwood, Mo., Code § 100.140 (same); *see also* Ballwin, Mo., Code § 7.5-134 (assessing penalties at $500 per day). If the maximum penalty were imposed in Florissant and Wildwood, that would amount to $1,825,000 *per* municipality *per* Defendant ($1,000 x 365 days in a year x 5 years), or an additional $7,300,000 total. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("Where a

8

statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount-in-controversy requirement is met."). Even if only $100 in penalties were imposed per day by these two cities, that would still amount to an additional $182,500 *per* municipality *per* Defendant ($100 x 365 days in a year x 5 years), or an additional $730,000. Thus, considering only two of the more than 100 putative class members, there is an additional amount in controversy between $730,000 and $7,300,000.

29. Finally, Plaintiff requests injunctive relief, which is also properly included in the amount-in-controversy calculation. When measuring the value of injunctive relief for CAFA jurisdictional purposes, courts look at the value of the object of the litigation and the cost to a defendant of complying with an injunction. *See Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930-31 (E.D. Ark. 2008). Here, Plaintiff explicitly seeks injunctive relief in each of its claims and seeks either the payment of video-service-provider fees going forward or to enjoin Defendants from engaging in business within the municipal boundaries of Plaintiff and class members, thereby depriving Defendants of gross revenues in those jurisdictions. (1st Am. Pet. p. 11 ¶ D, p. 13 ¶ C.) Therefore, if Plaintiff succeeds on the merits of its claims and obtains one of these requested injunctions, Defendants would be deprived of either: (a) 3-5% of gross revenues in these jurisdictions going forward (if the video-service-provider fee must be paid to Plaintiff and class members) or (b) all gross revenues in these jurisdictions (if Defendants are barred from offering their services over the public Internet to customers residing in Plaintiff's or a class member's city). Minimally, this would amount to $900,000-$1,000,000 per year for each Defendant.

30. As a result of the Defendants' gross revenues within the past 5 years, the penalties imposed by a number of the putative class members, and the injunctive relief sought in the First

Amended Petition, the total amount in controversy in this Action far exceeds the $5,000,000 threshold under CAFA.

## VI.   DEFENDANTS HAVE COMPLIED WITH ALL THE PREREQUISITES FOR REMOVAL

31.     This Notice of Removal is timely because it was filed within 30 days of service. 28 U.S.C. § 1446(b).  Defendant Hulu was served with the Summons and Petition on August 7, 2018, and Defendant Netflix was served with the Summons and Petition on August 8, 2018.

32.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2.03, attached hereto and marked as Exhibit A is a true and correct copy of all process, pleadings, orders, and other documents on file in the state court.

33.     Pursuant to 28 U.S.C. § 1446(d), promptly upon filing of this Notice of Removal, copies hereof will be sent to Plaintiff's counsel and filed with the Clerk of the Court in the state court action.  In compliance with Local Rule 81-2.03, Defendants will also file proof of filing this Notice of Removal with the Clerk of the Court in the state court action and proof of service on all adverse parties.

34.     Defendants reserve the right to amend or supplement this Notice of Removal, and reserve all rights and defenses, including those available under Federal Rule of Civil Procedure Rule 12.

WHEREFORE, Defendants Netflix, Inc. and Hulu LLC remove the State Court Class Action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri.

Dated: September 6, 2018

Respectfully submitted,

BERRY SILBERBERG STOKES PC


  /s/ Robert P. Berry
Robert P. Berry, #46236MO
Carol M. Silberberg (*pro hac vice* forthcoming)
David C. Baxter, #62165MO
16150 Main Circle Drive, Suite 120
St. Louis, Missouri 63107
Telephone: (314) 480-5881
Facsimile: (314) 480-5884
Email:      rberry@berrysilberberg.com
            csilberberg@berrysilberberg.com
            dbaxter@berrysilberberg.com

REED SMITH LLP
Andres Vallejo (*pro hac vice* forthcoming)
Priscilla Ayn Parrett (*pro hac vice* forthcoming)
Rebecca Durham (*pro hac vice* forthcoming)
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email:      avallejo@reedsmith.com
            pparrett@reedsmith.com
            rdurham@reedsmith.com

*Attorneys for Defendant Netflix, Inc.*

IRELL & MANELLA LLP

  /s/ Victor Jih

Victor Jih (*pro hac vice* forthcoming)
Andrew J. Strabone (*pro hac vice* forthcoming)
Moon Hee Lee (*pro hac vice* forthcoming)
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email:     vjih@irell.com
           astrabone@irell.com
           mlee@irell.com

*Attorneys for Defendant Hulu LLC*