18SL-CC02819

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

IN THE CIRCUIT COURT
OF ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| CITY OF CREVE COEUR, MISSOURI, on behalf of itself and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) | No. |
| ) | Div. |
| v. ) | |
| ) | |
| NETFLIX, INC., and HULU, LLC, ) | |
| Defendants. ) | |

**PETITION FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

COMES NOW Plaintiff, City of Creve Coeur, Missouri, on behalf of itself and all others similarly situated, and for its Petition for Declaratory Judgment and Other Relief, states as follows:

**INTRODUCTION**

1.      Under the 2007 Video Services Providers Act, a Missouri municipality can impose a video-service-provider fee on a provider of video service if its programming is delivered over wireline facilities located even partly in the public right-of-way.  Sec. 67.2675, RSMo, *et seq*.  Since 2007, several providers of video service, such as cable companies, have remitted fees to Missouri cities under the Act and local ordinances.

2.      But in recent years, more and more Missourians have shifted to subscription-based, streaming video services like Netflix, Inc. and Hulu, LLC (collectively "Defendants") to view their favorite television programs and movies.  Despite gaining customers from other providers, Defendants have not been paying video-service-provider fees, which deprives Missouri municipalities of much-needed revenue.

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

3.      The 2007 Video Services Providers Act applies to Defendants just as it applies to other video-service providers.  The 2007 Act defines "video service" as "the provision of video programming provided through wireline facilities located at least in part in the public right-of-way without regard to delivery technology, including internet protocol technology whether provided as part of a tier, on demand, or a per-channel basis." Sec. 67.2677(14), RSMo.  Netflix and Hulu stream video programming to their customers' internet-connected devices.  When doing so, Netflix and Hulu use internet wireline facilities located at least in part in the public right-of-way.  And they use internet protocol technology, which is specifically referenced in the statute.  Therefore, Netflix and Hulu are video-service providers within the meaning of the Act.

4.      Plaintiff Creve Coeur, on behalf of itself and other Missouri municipalities, seeks to require Defendants to abide by the Act and to pay their fair share of fees owed to these municipalities – as should all providers of video service.

### PARTIES, JURISDICTION, AND VENUE

5.      The City of Creve Coeur, Missouri ("Creve Coeur" or "Plaintiff") is a lawfully existing Missouri municipal corporation and home rule charter city within the meaning of Mo. Const. art. VI, sec. 19; sec. 82.010, RSMo, *et seq.*; and all other applicable laws, and it has been at all times during the preceding five years.  Creve Coeur is located in St. Louis County, Missouri.

6.      Pursuant to the 2007 Video Services Providers Act, sec. 67.2689.1, RSMo, Plaintiff is authorized to, and does, impose a fee on each video-service provider operating in Creve Coeur.  Creve Coeur's code of ordinances states: each "video service provider shall pay to the City a video service provider fee in the amount of five percent (5%) of the provider's gross

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

revenues on or before the last day of the month following the end of each calendar quarter."
Creve Coeur Municipal Code, Chap. 635, Art. VI, § 635.330(C)(1).

      7.      Defendant Netflix, Inc. ("Netflix") is a Delaware corporation, with its
headquarters in California, and with a registered agent in this County. The company's primary
businesses are its video service, which offers online streaming of a library of films and television
programs, as well as the distribution and production of original films and television series.
Defendant does business in Missouri and has done so at all times during the preceding five years.

      8.      Defendant Hulu, LLC ("Hulu") is a Delaware limited liability company, with
headquarters in California. The company's primary businesses are its video service, which
offers online streaming of live video programming and a library of films and television
programs, as well as the distribution and production of original films and television series.
Despite not registering to do business in Missouri, Hulu indeed does business in Missouri and
has done so at all times during the preceding five years.

      9.      This Court possesses subject-matter jurisdiction under Mo. Const. art. V, sec. 14
(circuit courts "have original jurisdiction over all cases and matters, civil and criminal"), and to
enforce Defendants' obligations to pay video-service-provider fees under Missouri's 2007 Video
Services Providers Act.

      10.      This Court possesses personal jurisdiction under sec. 506.500.1 of Missouri's
long-arm statute, because the cause of action arises from Netflix's and Hulu's transaction of
business within this State.

      11.      Venue is proper under sec. 508.010.2, RSMo, because Plaintiff resides in St.
Louis County, the complained-of actions occurred in this County, and Defendants can be found,
do business, or have a registered agent in this County.

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

## CLASS ACTION ALLEGATIONS

12.     This action is brought by Plaintiff pursuant to Missouri Supreme Court Rule 52.08 on behalf of itself and all other Missouri political subdivisions authorized to collect a video-service-provider fee by the 2007 Video Services Providers Act, sec. 67.2675, RSMo, *et seq.*, and where Defendants have provided or continue to provide video service.

13.     The proposed class includes at least 40 Missouri municipalities, many of which are small with very limited resources.  These smaller jurisdictions have limited staffs and budgets, with little or no funds available for litigation of this nature.  The class is so numerous that joinder of all members is impracticable.

14.     There are questions of law or fact common to the class, including whether Defendants provide video service within class members' geographic areas, whether Defendants generate gross revenues from such operations, and whether such gross revenues are subject to video-service-provider fees.

15.     The claims asserted by Plaintiff are typical of the claims of the class in that their fee provision ordinances are largely identical, and the interpretation and application of the applicable statutes and ordinances will be similar for all class members.

16.     Plaintiff will fairly and adequately protect the interests of class members in that their interests are aligned, and Creve Coeur has been found fit to represent a municipal class in similar circumstances.  Plaintiff has also retained counsel competent and experienced in class-action litigation, including municipal class actions.

17.     The prosecution of separate actions by individual class members would create a risk of: **(a)** inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants; and (b) adjudications

4

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not party to the adjudications or substantially impair or impede their ability to protect their interests.

18.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole. Defendants have conducted business as if the video-service-provider fees do not apply to their business(es) or gross revenues, so they have failed or refused to pay these fees.

19.     Further, questions of law or fact common to class members (e.g., whether Defendants provide video service within the class members' geographic areas, whether Defendants generate gross revenues from such operations, and whether such gross revenues are subject to video-service-provider fees) predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTUAL ALLEGATIONS

20.     Defendants provide paid video programming service to customers who use their services to view television shows, movies, documentaries and other programming.

21.     Netflix earned $1.82 billion from its U.S.-based operations in the first quarter of 2018 alone. Netflix currently has approximately 56.7 million U.S. customers.

22.     Hulu currently has over 20 million U.S. customers.

23.     Netflix and Hulu compete with other video-service providers, offering video programming that is comparable to that provided by cable companies and television-broadcast stations. Netflix and Hulu provide paid video service to customers in Creve Coeur and in other

5

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

class members.  Netflix and Hulu do not pay the required video-service-provider fees to any class members.

24.     Customers view Netflix's and Hulu's video programming – such as television shows, movies, and documentaries – using an internet-connected device.   Internet-connected devices are electronic devices that have software enabling them to stream Defendants' video programming, including smart televisions, streaming media players like Roku or Apple TV, smartphones, tablets, video game consoles, set-top boxes from cable and satellite providers, Blu-ray players, and personal computers.  *See* Exhibit A, *How does Netflix work?*

25.     To stream Netflix's video programming, Netflix customers must subscribe to one of three monthly plans: a $7.99 basic plan that allows customers to watch programming on one device at a time, a $10.99 standard plan that allows customers to watch programming on two devices at a time, or a $13.99 premium plan that allows customers to watch programming on four devices at a time.  Subscribers have a unique account that facilitates their paid access to Netflix's services, which are not offered for free to the general public.

26.     Some of Netflix's most popular offerings consist of exclusive programming not available through other video-service-providers, including hit shows such as "House of Cards," "Stranger Things," and "The Crown."  Netflix combines its vast streaming library with its original content, and states that it offers video programming that is "comparable to similarly-focused US domestic cable networks."  *See* Exhibit B, April 16, 2018 Shareholder Letter, at 2.

27.     To stream Hulu's video programming, Hulu customers must similarly subscribe to a monthly plan. The basic $7.99 plan is ad-supported, meaning it includes commercials. For $11.99 per month, subscribers can receive Hulu's programming without commercials. Subscribers have a unique account that facilitates their paid access to Hulu's services.

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

28.     Hulu also offers a plan for $39.99 per month called Hulu with Live TV. It combines access to Hulu's streaming libraries with live programming from over 50 TV channels, including the most popular sports, news, and entertainment channels. As with all its programming, the subscriber uses an internet-connected device to view Hulu with Live TV.

29.     As with Netflix, some of Hulu's most popular offerings consist of exclusive programming not available through other video-service-providers, like the hit show "The Handmaid's Tale" and the documentary "The Beatles: Eight Days a Week." This original content, combined with Hulu's vast library of licensed TV shows and movies, allows Hulu to offer video programming comparable to other TV networks. As one of Hulu's executives recently put it in a Hulu press release, "Hulu is the complete TV experience for consumers, offering both live and on-demand programming and more consumer choice than ever before." Exhibit C, May 2, 2018 Press Release.

30.     Netflix's and Hulu's customers view Defendants' video programming by streaming it over the internet, but neither Netflix nor Hulu actually provide access to the public internet. Instead, customers receive an internet connection through an internet-service provider. The internet-service provider supplies an internet account and a physical means to connect to the internet (such as a modem), which allows customers to access the internet.

31.     When a customer wants to watch Netflix or Hulu, he or she uses an internet-connected device to send a request to the internet-service provider. The internet-service provider then forwards that request to Netflix's and Hulu's dedicated internet servers, which in turn provide a response. This response is then relayed back to the customer's device, and Netflix and Hulu deliver the video programming via internet protocol technology over the internet.

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

32.     Netflix uses a content delivery network called Netflix Open Connect to deliver 100% of its video traffic.  *See* Exhibit D, *How Netflix Works With ISPs Around the Globe to Deliver a Great Viewing Experience*.  When a Netflix customer wants to view Netflix programming, the customer's internet-service provider will connect the customer to the closest Netflix Open Connect server offering the fastest speeds and best video quality.

33.     Netflix has placed Open Connect servers in nearly 1,000 separate locations. According to Netflix, this means most customers receive Netflix's video programming from servers either inside of, or directly connected to, their internet-service provider's network within their local region.  *Id*.  Netflix has "end-to-end" control of its entire Open Connect system, including any servers located in Missouri.

34.     Similar to Netflix, when a Hulu customer wants to view Hulu, the customer's internet-service provider will connect the customer to the Hulu server. Hulu receives the directive and checks the user's entitlement, the location, and the content availability. It then delivers the program through the internet to the internet-connected device.

35.     Netflix's and Hulu's customers typically use a broadband internet connection, such as DSL or fiber optic cable to receive Defendants' programming.  In Creve Coeur, common providers of broadband internet service include Charter Communications and AT&T.  These broadband internet connections rely upon wireline facilities located in the public right-of-way to bring internet service to customers.  In turn, this means that Netflix and Hulu provide their video programming through wireline facilities located at least in part in the public right-of-way because they use these broadband internet connections in the public right-of-way to stream their programming.

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

36.     Netflix and Hulu are thus video-service providers within the meaning of

Missouri's 2007 Video Services Providers Act, which defines "video service" as "the provision

of video programming provided through wireline facilities located at least in part in the public

right-of-way without regard to delivery technology, including internet protocol technology

whether provided as part of a tier, on demand, or a per-channel basis." Sec. 67.2677(14), RSMo.

Further, Netflix and Hulu are not commercial mobile service providers as defined by 47 U.S.C. §

332(d), and Netflix and Hulu are not providing video programming solely as part of a service

that enables users to access content, information, electronic mail or other service offered over the

public Internet.

37.     Upon information and belief, Netflix and Hulu provide paid video service within

Creve Coeur's and other class members' geographic areas.  Netflix and Hulu have failed to

comply with Missouri's 2007 Video Services Providers Act by failing to give notice of intent to

provide service to Creve Coeur and other class members, and failing to pay the required video-

service-provider fees to Creve Coeur and other class members.

## COUNT I – DECLARATORY JUDGMENT, INJUNCTIVE RELIEF
## AND AN ACCOUNTING

38.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1-37 of this

Petition as if more fully set forth herein.

39.     Defendants are engaged in the business of providing video service in Plaintiff's

and other class members' geographic areas within the meaning of the 2007 Video Services

Providers Act, sec. 67.2675, RSMo, *et seq*.  Defendants derive gross revenues from their

business, and they have engaged in their business and derived gross revenues (as defined by sec.

67.2677, RSMo) from that business at all times during the preceding five years.

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

40.     Defendants have failed to pay or refused to pay video-service-provider fees to Plaintiff as required by the 2007 Act and by Creve Coeur Municipal Code, Chap. 635, Art. VI, sec. 635.330(C)(1).  Further, Defendants have failed to pay or refused to pay video-service-provider fees to class members as required by the Act and by similar code and ordinance provisions.

41.     Defendants' competitors in the video-service market, such as Charter Communications, have paid and continue to pay video-service-provider fees to class members under the statutes, codes, and ordinances that Defendants refuse to honor, despite such laws requiring fair and nondiscriminatory competition and regulation.

42.     A justiciable controversy exists between Plaintiff, Defendants, and class members.

43.     Plaintiff and class members do not have an adequate remedy at law.  Defendants' violations of the 2007 Act and Plaintiff's and class members' codes and ordinances are continuing, and Plaintiff and class members would be required to bring successive actions to enforce compliance and to collect unpaid fees.

44.     Unless Defendants are enjoined from violating the applicable statutes, local codes and ordinances, Plaintiff and class members will suffer irreparable harm or injury.  Plaintiff and the class members are being deprived of revenues needed for public health, safety and welfare. In all probability, since Defendants intend to continue engaging in business in class members and deriving gross revenues from their business, Plaintiff and class members will continue to be deprived of video-service-provider fees unless Defendants are so enjoined.

45.     Defendants have a legal and fiduciary duty to keep and maintain accurate accounts and records "pertaining to gross revenues received from the provision of video services

10

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

provided to consumers located within the geographic area" of Plaintiff and class members. *See* sec. 67.2691.2, RSMo.

46.     Plaintiff has incurred and will continue to incur costs and attorneys' fees needed for the investigation and prosecution of these claims. Those attorneys' fees and other expenditures will result in a benefit to all members of the class, and Plaintiff's counsel should recover these fees and expenditures pursuant to applicable law.

WHEREFORE, Plaintiff, on behalf of itself and all Missouri political subdivisions similarly situated, prays that this Court:

A.     Declare and adjudge that Defendants provide video service within the meaning of Missouri's 2007 Video Services Providers Act, sec. 67.2675, RSMo, *et seq*.;

B.     Declare and adjudge that Defendants have failed to comply with and owe video-service-provider fees under Missouri's 2007 Video Services Providers Act, Creve Coeur Municipal Code, Chap. 635, Art. VI, Sec. 635.330(C)(1), and similar class member code and ordinance provisions for the preceding five years and for the duration of this litigation;

C.     Order an accounting of all monies that Defendants owe Plaintiff and class members, including interest and penalties;

D.     Enjoin and restrain Defendants from engaging in business within the boundaries of Plaintiff and class members and deriving gross revenues therefrom without paying the required video-service-provider fees;

E.     Award attorneys' fees, costs and expenses from the amount(s) recovered for the common benefit of the class; and

F.     Order such other and further relief as the Court deems just and proper under the circumstances.

11

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

## COUNT II – UNJUST ENRICHMENT

47.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1-46 of this Petition as if more fully set forth herein.

48.     Defendants have operated as video-service providers in the geographic areas of Plaintiff and other class members.

49.     By not remitting video-service-provider fees, Netflix and Hulu have received the benefit of doing business in Plaintiff and other class members without paying required fees, been aware that they were doing business without paying required fees, and accepted and retained this benefit under circumstances that are inequitable or unjust, i.e., by depriving Plaintiff and other class members of monies due under the statutes, codes, and ordinances that Defendants refuse to honor.

WHEREFORE, Plaintiff, on behalf of itself and all Missouri political subdivisions similarly situated, prays that this Court:

A.     Declare and adjudge that Defendants' failure to pay video-service-provider fees as required by the 2007 Act, Creve Coeur Municipal Code, Chap. 635, Art. VI, Sec. 635.330(C)(1), and similar class member code and ordinance provisions caused Defendants to be unjustly enriched, as they avoided fees that should have been paid to Plaintiff and class members during the preceding five years and for the duration of this litigation;

B.     Order an accounting of all monies that Defendants owe Plaintiff and class members, including interest;

C.     Enjoin and restrain Defendants from engaging in business within the boundaries of class members and deriving gross revenues therefrom without paying the required video-service-provider fees;

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

D.      Award attorneys' fees, costs and expenses from the amount(s) recovered for the common benefit of the class; and

E.      Order such other and further relief as the Court deems just and proper under the circumstances.

### COUNT III – UNPAID FEES, INTEREST AND PENALTIES

50.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1-49 of this Petition as if more fully set forth herein.

51.     Defendants owe Plaintiff and other class members video-service-provider fees, together with interest and penalties, as a result of its failure to comply with the applicable statutes, codes and ordinances during the preceding five years and for the duration of this litigation.

WHEREFORE, Plaintiff, on behalf of itself and all Missouri political subdivisions similarly situated, prays that this Court:

A.      Enter judgment in favor of each class member and against Defendants for the video-service-provider fees, interest and penalty due each class member from Defendants;

B.      Award attorneys' fees, costs and expenses from the amount(s) recovered for the common benefit of the class; and

C.      Order such other and further relief as the Court deems just and proper under the circumstances.

Electronically Filed - St Louis County - July 19, 2018 - 03:05 PM

DATED: July 19, 2018

By: /s/ John W. Hoffman
John W. Hoffman, #41484
Garrett R. Broshuis, #65805
Korein Tillery, LLC
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Tel. (314) 241-4844
Fax. (314) 241-1854

John F. Mulligan, Jr., #34431
101 South Hanley, Ste. 1280
Clayton, MO 63105
Tel. (314) 725-1135
Fax. (314) 727-9071

Howard Paperner, P.C. #23488
9322 Manchester Road
St. Louis, MO  63119
Tel. (314) 961-0097
Fax. (314) 961-0667

Carl J. Lumley, #32869
Curtis, Heinz, Garrett & O'Keefe, P.C.
130 S. Bemiston, Ste. 200
Clayton, MO 63105
Tel. (314) 725-8788
Fax. (314) 725-8789

Elkin L. Kistner, #35287
Bick & Kistner PC
101 South Hanley, Ste. 1280
Clayton, MO 63105
Tel. (314) 727-0777
Fax. (314) 727-9071

*ATTORNEYS FOR PLAINTIFF*