**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CITY OF CREVE COEUR, MISSOURI, on behalf of itself and all others similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>NETFLIX, INC., and HULU, LLC,<br><br>                      Defendants. | Case No. 4:18-cv-01495-SNLJ |

**DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF**
**REQUEST FOR JUDICIAL NOTICE**

Plaintiff's general objection to Netflix, Inc.'s ("Netflix") Request for Judicial Notice ("Request") (that the underlying facts are not "legislative facts") and specific objections to the documents included in Netflix's Request are entirely unfounded.  All seven of the requested exhibits constitute public records "whose accuracy cannot be reasonably questioned," Fed. R. Evid. 201, and are judicially noticeable.  *See United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999) (recognizing the court's ability to take judicial notice of public records); *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (finding that "[j]udicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper").  This Court should, therefore, judicially notice each of the public records sought by Netflix in its Request.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of public records); *Stahl v. U.S. Dept. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (finding that federal district courts "may take judicial notice of public records"); *Sullivan v. Kramer*, 2016 WL 5791466, at *4 (E.D. Cal. Oct. 4, 2016) (taking judicial notice of two exhibits as they were "matters of public records").

1

### 1.  Plaintiff's General Objection

Plaintiff objects to Netflix's Request in its entirety, claiming that the underlying facts are "legislative facts" not governed by Fed. R. Evid. 201.  *See* Plaintiff's Objection at 1-2.  In support of its argument, Plaintiff improperly relies on *Qualley v. Clo-Tex International*, 212 F.3d 1123, 1128 (8th Cir. 2000), in which the court determined that the requested materials were not sufficiently related to the parties to qualify as judicially noticeable "adjudicative facts."  *Qualley*, 212 F.3d at 1128.  This portion of *Qualley* relied heavily upon *U.S. v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976), in which the Court explained that "[a] court generally relies upon legislative facts when it purports to develop a particular law or policy and thus considers *material wholly unrelated to the activities of the parties*."  *Id.* at 220.  As discussed *infra* and in Netflix's Motion to Dismiss, the judicially noticeable facts at issue here--including gubernatorial statements, proposed Congressional legislation, agency documents, and a state court decision--relate specifically to the case at hand and *Qually* is thus inapposite.

Plaintiff's reliance on *Crawford v. Countrywide Home Loans*, 647 F.3d 642, 649-50 (7th Cir. 2011) is similarly misplaced.  Contrary to Plaintiff's assertion, *Crawford* does not hold that a Court may not take judicial notice of whole documents, but instead must delineate specific facts in the notice.  Plaintiff's Objection at 2.  Instead, *Crawford* stands for the unremarkable proposition that the movant's "undeveloped argument" challenging a district court's refusal to take judicial notice of a variety of documents does not support a finding that the district court abused its discretion.  *Crawford*, 647 F.3d at 649-50.

### 2.  Plaintiff's Objections to Exhibits A and B

Exhibit A and Exhibit B are both statements issued by Missouri Governor Matt Blunt in his official capacity.  Plaintiff does not dispute their authenticity, but merely argues (without

reference to authority) that these documents do not constitute legislative history and claims that even if they did, Netflix cannot alter the plain meaning of the Act by reference to these press releases.  Netflix did not, however, offer the Governor's statements as legislative history, and does not seek to alter the Act's plain language, which clearly does not support application of the video service provider fee to Netflix.  Instead, Netflix offered these documents to provide historical context to the passage of the Act and corroboration for this Court's application of the plain language of the statute.  Judicial notice of these public statements is therefore proper.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (recognizing that courts may take judicial notice of matters of public record); *see also Sullivan v. Kramer*, 2016 WL 5791466, at *4 (E.D. Cal. Oct. 4, 2016) (taking judicial notice of a gubernatorial announcement); *Hagan v. Quinn*, 838 F. Supp. 2d 805, 809 (C.D. Ill. 2012) (taking judicial notice of a governor's press release); *Bishop v. Jesson*, 2016 WL 8674584 14, n.12 (D. Minn. Feb. 12, 2016) (taking judicial notice of a governor's press release); *Perez v. Comcast*, 2011 WL 5237577, at *2 (N.D. Ill. Nov. 1, 2011) (taking judicial notice of a Department of Labor press release).

### 3.  Plaintiff's Objections to Exhibits C and D

Exhibit C and Exhibit D are both legislative proposals currently under consideration in the United States Congress that evince the incapability of the federal emergency alert system to transmit those signals sent over the Internet.  Plaintiff disputes Netflix's interpretation of these bills, but as discussed in Netflix's Request, courts may take judicial notice of legislative proposals.  *See Yeboah v. U.S. Dept. of Justice*, 345 F.3d 216, 222 (3d Cir. 2003) (taking judicial notice of bills pending in Congress); *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 302 (Bankr. D. Del. 2013) (taking judicial notice of proposed legislation and recognizing that "the fact that these proposals were introduced is not subject to reasonable

dispute and 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (citing Fed. R. Evid. 201)).  In its Objection, Plaintiff cites two cases in which other federal district courts addressed a party's request for judicial notice of pending legislation:  *Davis v. U.S.*, 569 F. Supp. 2d 91 (D.D.C. 2008), and *U.S. v. Pickard*, 100 F. Supp. 3d 981 (E.D. Cal. 2015).  The *Davis* opinion--on which *Pickard* relies in its denial to judicially notice a House bill—considered the movant's request to take judicial notice of the fact that "the Fair Tax Act of 2007, which would repeal the current [Internal Revenue Code ("IRC")], is currently pending before Congress."  *Davis*, 569 F. Supp. 2d at 98.  The *Davis* Court, faced with a party's constitutional challenge to sections of the IRC, found that the proposed legislation was "irrelevant because it does not make the current IRC any more or less likely to be constitutional." *Id*.  Unlike in *Davis*, the facts contained in the proposed legislation at issue—Congressional acknowledgement of the federal emergency alert system's limitations—are relevant and judicially noticeable.  And, whether or not this Court agrees with Netflix's or Plaintiff's interpretation of the information contained in the bills does not change the fact that they may be judicially noticed.

### 4.  Plaintiff's Objections to Exhibits E and F

Exhibits E and F are, respectively, a report from the Missouri Public Service Commission and a printout of the Commission's list of current video service authorizations.  While Plaintiff claims that the import of these Exhibits is unclear, as Netflix established in its Memorandum in Support of Motion to Dismiss, both Exhibit E and F show that Netflix did not and does not currently possess a "video service authorization."  Def. Netflix's Mem. Supp. Mot. to Dismiss at 5.  Plaintiff concedes (as it must) that both of these documents constitute agency documents for which judicial notice is proper.  *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999);

*see also Stahl v. U.S. Dept. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (affirming District Court taking judicial notice of, among other things, instructions published in the Code of Federal Regulations, Department of Agriculture Regulations, and a USDA Administrative Notice); *United States v. Ritchie*, 342 F.3d 903, 907–09 (9th Cir. 2003) ("[c]ourts may take judicial notice of some public records, including the records and reports of administrative bodies" (internal quotation marks and citation omitted)); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings*, LLC, 127 F. Supp. 3d 156 (S.D.N.Y. 2015) (recognizing that the "court could take judicial notice of documents retrieved from official government websites; [and that the] court could take judicial notice of search on electronic database.").

### 5. Plaintiff's Objections to Exhibit G

Exhibit G is a ruling by the Franklin Circuit Court of the Commonwealth of Kentucky in the matter of *Finance and Administration Cabinet, Commonwealth of Kentucky Department of Revenue vs. Netflix, Inc.*, Civil Action No. 15-CI-01117, entered on August 23, 2016.  Plaintiff does not dispute that this Court has the power to take judicial notice of the Kentucky Court's ruling.  *See* Plaintiff's Objection at ¶ 4 ("numerous courts . . . have taken judicial notice of orders and have treated them as public records"); *see also Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) (federal courts have "the power, in fact the obligation, to take judicial notice of the relevant decisions of courts and administrative agencies, whether made before or after the decision under review"); *see also Lamar v. Micou*, 114 U.S. 218, 223 (1885) ("The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof."); Instead, Plaintiff inaccurately claims that Netflix seeks judicial notice of the *facts* as found by the Kentucky Court, *see* Plaintiff's Objection at ¶ 4, which as Netflix's Request for Judicial Notice

and Motion to Dismiss make clear, Netflix did not do.  *See* Def. Netflix's Mem. Supp. Mot. to

Dismiss at 8.  Netflix simply asks this Court to recognize that the Kentucky court issued this

ruling, which is persuasive authority here.  *See Kent v. United of Omaha Life Ins. Co.*, 484 F.3d

988, 994 n.2 (8th Cir. 2007) (taking judicial notice of a state court opinion and noting its

relevance to the case at issue).

WHEREFORE, Netflix respectfully asks that its Request for Judicial Notice be granted.

Dated: November 1, 2018

Respectfully submitted,

BERRY SILBERBERG STOKES PC

/s/ Robert P. Berry
Robert P. Berry, #46236MO
Carol M. Silberberg #217658CA
David C. Baxter, #62165MO
16150 Main Circle Drive, Suite 120
St. Louis, Missouri 63017
Telephone: (314) 480-5881
Facsimile: (314) 480-5884
Email: rberry@berrysilberberg.com
       csilberberg@berrysilberberg.com
       dbaxter@berrysilberberg.com

REED SMITH LLP
Andres Vallejo (*pro hac vice*)
Priscilla Ayn Parrett (*pro hac vice*)
Rebecca Durham (*pro hac vice*)
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email: avallejo@reedsmith.com
       pparrett@reedsmith.com
       rdurham@reedsmith.com

*Attorneys for Netflix, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2018, the foregoing was submitted electronically for filing through this Court's CM/ECF system to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Robert P. Berry*